## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## LONDON DIVISION

| | |
|---|---|
| **JASON WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **CSX TRANSPORTATION, INC., a** | )    **CIVIL ACTION NO. _____** |
| **corporation; NORFOLK SOUTHERN** | ) |
| **RAILWAY COMPANY, a corporation,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

## I. PARTIES, JURISDICTION, AND VENUE

1.      The Plaintiff, Jason Williams, is an individual citizen and resident of Viper, Perry County, Kentucky.

2.      The Defendant, CSX Transportation, Inc., is a Virginia corporation whose principal place of business is in Jacksonville, Florida.

3.      The Defendant, Norfolk Southern Railway Company, is a Virginia corporation whose principal place of business is in Roanoke, Virginia.

4.      At all times referred to herein, the Defendant, CSX Transportation, Inc., was a common carrier by railroad engaged in the business of operating railroads in interstate commerce for hire.

5.      At all times referred to herein, the Plaintiff, Jason Williams, was an employee of the Defendant, CSX Transportation, Inc., and was working within the line and scope of his employment for that defendant.  The Plaintiff's duties of employment

for the Defendant, CSX Transportation, Inc., were in furtherance of interstate commerce or directly, closely, or substantially affected interstate commerce.

6. The Plaintiff's claims against CSX Transportation, Inc. are brought pursuant to the provisions of the Federal Employers Liability Act, Title 45 U.S.C. § 51, *et seq.* This Court has subject matter jurisdiction over the Plaintiff's claims against CSX Transportation, Inc. pursuant to 28 U.S.C. §1331 in that this is an action arising under the laws of the United States.

7. This Court has supplemental jurisdiction over the Plaintiff's claims against Norfolk Southern Railway Company pursuant to 28 U.S.C. §1367 in that the Plaintiff's claims against Norfolk Southern Railway Company are so related to the claims against CSX Transportation, Inc. that they form part of the same case or controversy.

8. This Court further has jurisdiction over the Plaintiff's claims against both CSX Transportation, Inc. and Norfolk Southern Railway Company pursuant to 28 U.S.C. §1332 in that this matter involves a controversy between citizens of different states in which the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

## II. FACTS

9. Jason Williams is employed as a conductor for the Defendant, CSX Transportation, Inc.

10. On December 9, 2012, Mr. Williams was assigned to work on a train operated by CSX Transportation, Inc. from its rail yard in Loyall, Kentucky to a coal mine near St. Charles, Virginia. Mr. Williams and his crew performed their work at the mine and were in the process of making their last move of the shift.

11.     After aligning his last switch of the night, Mr. Williams went and sat in a van which CSX Transportation, Inc. had provided to transport him and his crew back to Loyall.  As he sat in the van, his engineer was shoving a cut of approximately 53 loaded coal cars down the track.  The van in which Mr. Williams was seated was located adjacent to the track.

12.     As the cars were being shoved past Mr. Williams' van, several of the rail cars derailed.  One of the cars tumbled towards Mr. Williams' van.  The loaded car landed on top of the van crushing Mr. Williams inside.  He was fortunate to escape with his life

13.     Mr. Williams suffered severe, permanent, and disabling injuries when the coal car landed on his van.

### III.  FIRST CAUSE OF ACTION
### (CSX TRANSPORTATION, INC.)

14.     The plaintiff avers that all of his above mentioned injuries and damages were caused, in whole or in part, by the negligence of the Defendant, CSX Transportation, Inc., its agents, servants, or employees while acting within the line and scope of their employment for said defendant or by reason of a defect or insufficiency due to its negligence in its tracks, safety practices, maintenance practices, and operating practices at the time and place where the Plaintiff suffered his above mentioned injuries and damages.

### IV.  SECOND CAUSE OF ACTION
### (CSX TRANSPORTATION, INC.)

15.     The Plaintiff further avers that all of his above mentioned injuries and

damages were caused, in whole or in part, by the negligent failure of the Defendant, CSX Transportation, Inc., to use reasonable care to provide to the Plaintiff a reasonably safe place for the Plaintiff to perform his work and labor for said defendant.

## V. THIRD CAUSE OF ACTION
## (CSX TRANSPORTATION, INC. NON-DELEGABLE DUTY)

16.     The Plaintiff avers that at the time and place he suffered his injuries, CSX Transportation, Inc. had a non-delegable duty to provide the Plaintiff with a reasonably safe place to work.  In this case, CSX Transportation, Inc. delegated the portion of its duty, the maintenance, inspection, and repair of tracks, to Norfolk Southern Railway Company.  The Plaintiff avers that all of his injuries and damages were caused by the negligence of the Defendant, CSX Transportation, Inc., acting by and through its agent, Norfolk Southern Railway Company.

## VI. FOURTH CAUSE OF ACTION
## (NORFOLK SOUTHERN RAILWAY COMPANY)

17.     The Plaintiff avers that all of his injuries and damages were proximately caused by the negligence of the Defendant, Norfolk Southern Railway Company.

18.     The Plaintiff avers that the negligence of the Defendant, Norfolk Southern Railway Company, includes, but is not limited to, the following individual acts of negligence:

> (a)     Norfolk Southern Railway Company failed to properly inspect its tracks;

> (b)     Norfolk Southern Railway Company failed to properly maintain its tracks;

4

(c)     Norfolk Southern Railway Company failed to keep its tracks in a reasonably safe condition for the Plaintiff and his crew to operate over; and

(d)     Norfolk Southern Railway Company was otherwise negligent.

## V.  DAMAGES

19.     As a result of the negligence of the Defendant, CSX Transportation, Inc., the Plaintiff has suffered and seeks to recover for the following elements of damage:

(a)     Past lost wages;

(b)     Future lost wages;

(c)     Past and future medical expenses;

(d)     Past and future physical pain and mental anguish;

(e)     Permanent disability;

(f)     Inability to carry out the usual and normal activities of life;

(g)     Permanent impairment of his ability to earn a living.

20.     Because of the severity of his injuries, the Plaintiff seeks to recover against the Defendant, CSX Transportation, Inc., a sum in excess of Two Million Dollars ($2,000,000.00).

21.     As a result of the negligence of the Defendant, Norfolk Southern Railway Company, the Plaintiff has suffered and seeks to recover for the following elements of damage:

(a)     Past lost wages;

(b)     Future lost wages;

(c)     Past and future medical expenses;

(d)     Past and future physical pain and mental anguish;

(e)     Permanent disability;

(f)     Inability to carry out the usual and normal activities of life;

(g)     Permanent impairment of his ability to earn a living.

22.     Because of the severity of his injuries, the Plaintiff seeks to recover against the Defendant, Norfolk Southern Railway Company, a sum in excess of Two Million Dollars ($2,000,000.00).

## VI.  JURY DEMAND

22.     The Plaintiff requests a trial by jury.


*s/ James H. Wettermark*_____
James H. Wettermark
Wettermark & Keith, LLC
2101 Highland Avenue S., Suite 600
Birmingham, AL 35205
205-933-9500
205-212-9500 (facsimile)
james@wkfirm.com

Attorney for Plaintiff